CLAIBORNE COUNTY *v.* LENA E. JENNINGS.

(*Knoxville,* September Term, 1955.)

Opinion filed December 9, 1955.

ROGERS KIVETT, of Tazewell, for petitioner.

JOHN P. DAVIS, of Tazewell, for respondent.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

Claiborne County filed its petition in the Circuit Court alleging that the Department of Public Highways and Public Works of the State of Tennessee had selected and adopted a route or highway through Claiborne County upon and through a tract of land owned by the defendant, Lena E. Jennings. The land sought to be appropri-

ated is described by metes and bounds. The petitioner charges that the aforesaid lands are essential and necessary and should be "condemned" and taken over immediately by Claiborne County, Tennessee, for highway purposes and the same be entirely used and occupied by the Department of Highways as a right of way of State Highway No. 32. The suit was brought for the purpose of acquiring the lands in question pursuant to the eminent domain statutes as carried into the Code under appropriate sections. The prayer of the bill is that the Department of Highways and Public Works be placed in possession of said lands and that all necessary and proper proceedings be had for that purpose.

The trial judge appointed a jury of view as authorized by the statute. The said jury reported an award of $6,000 in favor of the property owner. Both parties noted exceptions to this report and prayed an appeal to the Circuit Court where the issue was tried to a jury. Claiborne County was not required to file a bond. After this trial in the Circuit Court the jury fixed the damages at $1,200 for the value of the land actually taken, and $1,800 incidental damages to the remainder of the freehold. This verdict was set aside by the trial judge as being inadequate. Thereupon by consent of counsel the Circuit Judge appointed another jury of view to appraise and assess the amount of damages to the property of the defendant, which resulted in the following finding by the said jury: "Actual damage for value of the land taken $5,856.00. Incidental damages to the remaining land not taken etc. $48,330.00, or a total award of $54,186.00." Both parties excepted to this report and appealed to the Circuit Court upon the defendant "making an appeal bond of $250.00 or otherwise complying with the law." The motion by the

164

defendant to require the plaintiff, Claiborne County, to make an appeal bond was overruled.

The issue was again tried to a jury of twelve qualified citizens of the county who reported, "they are unable to agree upon a verdict," whereupon a mistrial was declared, and the case continued.

We have the case now upon petition for certiorari and supersedeas by the defendant, Lena E. Jennings, complaining that the trial judge committed error in not requiring Claiborne County to give an appeal bond to the Circuit Court from the jury award of $54,186. This is the only issue. We have the case solely on the technical record, there being no bill of exceptions filed by the petitioner. The petitioner relies upon the condemnation statutes and more especially upon Code Section 3161.

Chapter 8 of the Code relating to the taking of private property for works of internal improvement provides in Code Section 3159, as follows:

"Counties are empowered to condemn and take the property, buildings, privileges, rights, and easements of individuals and private corporations for any county purpose."

It should be noted in passing that Claiborne County is neither an individual nor a private corporation. It is a political subdivision of the State, and in exercising the right of eminent domain it acts in its governmental capacity pursuant to the authority of Section 3159 et seq. We think Code Section 3130 is not applicable to counties of this State, but rather to such agencies as are given the power of eminent domain under special statutes.

Pretermitting any consideration of the petitioner's right to a review of the question at issue under the writ of certiorari, for manifest reasons, we hold that Code Section 3161 is applicable only where the county

seeks the right to possession of property "pending the assessment of damages or any litigation in regard thereto."

No question is made as to the right of condemnation of the property of the defendant. Coming now to the question of an appeal bond from the finding of the jury of view and a trial de novo in the Circuit Court, the following authority seems to be controlling:

"When the taking is made· by the state or by a municipal corporation, no special security is required; the requirement of just compensation is satisfied when the public faith and credit are pledged to a reasonably prompt ascertainment and payment, and there is adequate provision for enforcing the pledge." 18 Am. Jur. (Eminent Domain), Section 304, p. 950.

Among the numerous cases cited in support of the foregoing text are *Knoxville Ice & Cold Storage Co.* v. *City of Knoxville,* 153 Tenn. 536, 284 S. W. 866; and *State Highway Dept.* v. *Mitchell,* 142 Tenn. 58, 216 S. W. 336. The Knoxville Cold Storage case, supra, cites *Simms* v. *Memphis, C. & L. R. Co.,* 59 Tenn. 621, also 10 R. C. L., Section 110, p. 126.

The contention of counsel for the petitioner that there will be long delay in collecting the award, and for this reason she does not have an adequate remedy, is not well taken. While there may be some delay in collecting a judgment, such as a proceeding to compel by mandamus for levying a tax by the Quarterly Court to pay the judgment, this is merely an assumption by the counsel. It is true there are some cases holding that the constitutional provision for "just compensation" is not satisfied when a judgment is entered, but only when compensation is paid. We think the majority rule, as reflected by the au-

thorities we have cited, and especially our own cases, should be followed in the case at bar.

■ ■ We are in full agreement that statutes providing for the taking of private property for public purposes should be strictly construed against the condemnor. Nevertheless when the right to condemn is conceded and the judgment in favor of the property owner is certain of collection, as where the general fund of the county is liable for its satisfaction in full, there is no reasonable basis for requiring a bond as additional security.

The petition for certiorari and supersedeas is accordingly denied.