William N. MORRIS, Jr., Mayor of Shelby County; Ronald Bishop, Superintendent of Shelby County Workhouse; A.C. Gilless, Sheriff of Shelby County, Petitioners/Appellants,

v.

William R. SNODGRASS, Tennessee State Comptroller of Treasury; Tennessee State Department of Corrections, and Commissioner W. Jeff Reynolds, and Charles W. Burson, State Attorney General, Defendants/Appellees.

Court of Appeals of Tennessee, Middle Section, at Nashville.

June 15, 1994.

Brian L. Kuhn, Shelby County Atty., Donnie E. Wilson, Executive Asst. County Atty., Memphis, for petitioners/appellants.

Charles W. Burson, Atty. Gen. and Reporter, Ann Louise Vix, Sr. Counsel, Financial Div., Nashville, for defendants/appellees.

## OPINION

TODD, Presiding Judge.

Officials of Shelby County brought this action against officials of the State of Tennessee for a declaratory judgment that T.C.A. Sections 55–10–103 and 40–25–129 are unconstitutional, and that the State is obligated to share the expense resulting from said statutes. The Trial Court rendered summary judgment of dismissal, and the County appealed, presenting the following issue:

Whether the Chancery Court erred in finding that the interpretation of Article II, Section 24 of the Tennessee Constitution presents a non-justiciable political question better left to the discretion of the Legislature.

Although the order of the Trial Court states that a motion for summary judgment was sustained, the record contains no motion for a summary judgment. The State moved to dismiss for failure to state a claim for which relief can be granted, and the order states that the complaint should be dismissed on this ground. Strictly speaking, the judgment was a dismissal for failure to state a claim; but the difference is one of verbiage and not substance.

Article II, Sec. 24, of the Constitution of Tennessee states in part:

No law of general application shall impose increased expenditure requirements on cities or counties unless the General Assembly shall provide that the state share in the cost.

T.C.A. Section 55–10–403, as amended in 1993, provides that, for conviction of the first offense of driving while intoxicated the offender shall be fined at least $250.00 and sentenced to at least 48 hours in the county jail or workhouse; upon conviction of a second offense of driving while intoxicated, the offender shall be fined not less than $500.00

and confined in the county jail or workhouse for not less than 45 days; and, for the third conviction, fined not less than $1,000.00 and confined for not less than 120 days. Said code section also provides:

A portion of any fine imposed upon a person for a violation of this section, up to the maximum fine actually imposed, shall be returned to the sheriff of a county jail or to the chief administrative officer of a city jail for the purpose of reimbursing such sheriff or officer for the cost of incarcerating such person for each night such person is actually in custody for a violation of this section. Such reimbursement shall be in the same amount as is provided by § 8–26–105, and shall not in any event be less than the actual cost of maintaining such person and shall be reimbursed in the manner provided by § 8–26–106.

T.C.A. Section 40–25–129 provides in part as follows:

Neither the State nor any county thereof shall pay or be liable in any criminal prosecution for any costs or fees hereafter accruing, except in the following classes of cases: (a) All felony cases, where prosecution has proceeded to a verdict in the circuit or criminal court.

The County asserts that the mandatory imposition of minimum jail sentences has placed a heavy burden of expense upon the county to feed and house the prisoners which additional expense the State is obligated to share by the quoted provision of the Constitution. Neither the complaint nor the county's brief on appeal refers to subsection (a)(2) of T.C.A. Section 55–10–403, quoted above, whereby a portion of the fines collected under said code section were applied to the expense of confinement.

■ As to T.C.A. Section 40–25–129, the county complains that it is unconstitutionally burdened with the costs of boarding persons charged with felonies prior to their conviction. The single issue presented by the county and quoted above makes no specific reference to either Section 40–25–129 or Section 55–10–403. The county's written argument discusses only Section 55–10–403 and fails to mention Section 40–25–129. It is

therefore considered that, for purposes of this appeal, the issue of the constitutionality of Section 40–25–129 is waived.

This opinion will therefore be confined to the constitutionality of Section 55–10–403.

The State responds that the legislature has made statutory provision for State sharing of the increased expense of keeping prisoners, and that the amount of such provision is a legislative matter and not subject to judicial review.

The entire brief of the county is devoted to the insistence that the courts do have the power and duty to enforce a *fair* sharing of jail expenses by the State. This Court does not agree.

■ There is a strong presumption in favor of the constitutionality of acts of the Legislature. *Bozeman v. Barker*, Tenn.1978, 571 S.W.2d 279.

■ Any doubt as to the unconstitutionality of a statute must be resolved in favor of constitutionality. *Chattanooga–Hamilton County Hospital Authority v. City of Chattanooga*, Tenn.1979, 580 S.W.2d 322.

■ The parties differ as to the intended meaning of the quoted section of the Constitution. The county insists that it was intended that the State assume a fair share of the referenced expense, and that the Courts are required to determine the fair share of the State and require the State to conform.

The word "share" in the subject provision has no modifiers. Any meaning of fairness would apply only by judicial interpretation.

In *Shelby County v. Hale*, 200 Tenn. 503, 292 S.W.2d 745 (1955), the Supreme Court said:

The Court, in construing the Constitution, must give effect to the intent of the people that are adopting it, as found in the instrument itself, and it will be presumed that the language thereof has been employed with sufficient precision to convey such intent; and where such presumption prevails nothing remains except to enforce such intent. (cite omitted)

... If there should be doubt though, it is the first obligation of the Court to go to the proceedings of the Constitutional Convention which adopted this provision and see from these proceedings what the framers of this resolution intended it to mean. (cite omitted).

The Journal of the 1977 Constitutional Convention reflects that the original draft presented to the drafting committee contained the expression, "reasonable mutual participation," but the Chairman stated,

It is the majority opinion that that means something more than nominal, but it would be improper to fix that as any certain amount that the State would have to participate in because of the different situations and the different programs that might be involved.

The provision came to the floor of the convention with the quoted words intact, but the convention by amendment removed the words, "reasonable mutual participation" and approved the present wording which only contains the words,

unless the General Assembly shall provide that the State share in the costs.

This Court concludes that the Legislature is constitutionally empowered to elect what the share of the State shall be in the subject expenses.

Since the share enacted by the Legislature is substantial, there can be no insistence that it is so minuscule as to be an ineffective compliance with the Constitution.

Counties are political subdivisions of the State. *Claiborne County v. Jennings*, 199 Tenn. 161, 285 S.W.2d 132 (1956).

■ The powers, duties and liabilities of counties are prescribed by statute. *McDaniel v. Monroe County*, 10 Tenn.App. 109 (1929).

■ Since the statute is not unconstitutional, the county cannot complain of its terms.

The judgment of the Trial Court is affirmed at the cost of the county. The cause

is remanded to the Trial Court for any necessary, further proceedings.

Affirmed and Remanded.

LEWIS and CANTRELL, JJ., concur.