IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 2000 Session

## ROANE COUNTY, TENNESSEE v. CHRISTMAS LUMBER COMPANY, INC., ET AL.

Interlocutory Appeal from the Circuit Court for Roane County
No. 11756     Russell E. Simmons, Jr., Judge

FILED JULY 27, 2000

No. E1999-00370-COA-R9-CV

This is a condemnation case.  The trial court entered an order finding that Roane County ("the County") has the right to condemn the respondents' property for use as an industrial park.  We granted the respondents' application for an interlocutory appeal to review the trial court's determination that the County has the right to condemn the subject property.  Finding that the County's petition is legally deficient, we vacate the trial court's order and remand for further proceedings.

**Tenn. R. App. P. 9 Appeal by Permission; Judgment of the Circuit Court Vacated; Case Remanded**

CHARLES D. SUSANO, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Gary A. Davis, Knoxville, Tennessee, for the appellants, Christmas Lumber Company, Inc., and John Harvey Smith.

Tom McFarland, Kingston, Tennessee, for the appellee, Roane County, Tennessee.

Paul G. Summers, Attorney General and Reporter, and Ann Louise Vix, Senior Counsel, for the State of Tennessee.

## OPINION

### I.

The County filed a condemnation petition seeking to acquire approximately 142.4 acres of land owned by the respondents, Christmas Lumber Company, Inc. and John Harvey Smith.  As authority for the condemnation, the County's petition relies specifically and exclusively on T.C.A. § 29-17-101, *et seq.,* which provides, in pertinent part, that

> [c]ounties are empowered to condemn and take the property, buildings, privileges, rights, and easements of individuals and private corporations for any county purpose.

T.C.A. § 29-17-101 (1980). The petition alleges that the County seeks to condemn this property "for county purposes." It goes on to provide that "[t]he property rights sought to be acquired are for a public purpose and public convenience does require it." Nowhere in the petition is there a specific reference to the Industrial Park Act, T.C.A. § 13-16-201, *et seq.,* which provides, in pertinent part, as follows:

> Subject to the conditions of this part, any municipality has the power to:
>
> (1) *Acquire land and rights and easements therein by gift, purchase, or eminent domain, and develop the land into industrial parks* within or without the municipality or partially within and partially without the municipality, and maintain and operate such industrial parks....

T.C.A. § 13-16-203(1) (1999). (Emphasis added). The petition does not specifically provide that the property in question is being taken for the development of an industrial park as defined in T.C.A. § 13-16-202(2) (1999).[1] The petition does allude to "specific authorization set out in Roane County Resolution #07-98-05 (as amended)"; however, the subject resolution is not an exhibit to the petition, is not attached to the petition, and is not incorporated by reference into the petition.[2]

Respondents filed an answer, in which they assert that the County "is without authority to exercise eminent domain for purposes of development of an industrial park under the statute cited in the Petition," *i.e.,* T.C.A. § 29-17-101, *et seq.* They later filed a motion seeking dismissal of the petition on the ground that the County should have proceeded under the Industrial Park Act instead of T.C.A. § 29-17-101, *et seq.,* in pursuing condemnation of the respondents' property. The trial court denied respondents' motion, concluding

> that the [County] has the authority to condemn and take property for the purpose of an industrial park under both T.C.A. § 13-16-204 et seq and T.C.A. § 29-17-101 et seq and one is not exclusive of the other. Both statutes must be read together to interpret the statutes. The Court further finds that even if a statute had not been pled that

---

[1] "Industrial park," as defined by T.C.A. § 13-16-202(2) means "land and rights, easements and franchises relating thereto, and may include adequate roads and streets, water and sewer facilities, utilities, and docks and terminals, as required for the use of industry, and such appurtenant land for necessary incidental use."

[2] Roane County Resolution #07-98-05 (as amended), which was introduced as an exhibit at trial, authorizes "[c]ondemnation [p]roceedings pursuant to T.C.A. [§] 29-17-101 *et seq.* to acquire certain property rights for the completion of the Macedonia Industrial Park Project."

there are sufficient averments in the complaint to state a cause of action.

The case proceeded to trial on February 11, 1999. At the conclusion of the County's proof, respondents moved to dismiss on the basis that the County had failed to prove that the taking of property for purposes of development of an industrial park is for a "public use" as required by Article I, section 21 of the Tennessee Constitution.[3] The trial court denied respondents' motion from the bench, finding that the development of an industrial park constitutes a public use. The record indicates that the trial court considered the respondents' challenge to the constitutionality of the proposed taking to be a challenge to the constitutionality of the Industrial Park Act, an issue that had not been raised by respondents in their pleadings. After the trial court announced its denial of the motion to dismiss, respondents moved to amend their answer to assert a constitutional challenge to the Industrial Park Act and to notify the State Attorney General that the statute had been challenged -- and upheld -- in the trial court. The court below granted respondents' motion to amend; however, the State Attorney General did not receive notice of the constitutional issue until after the trial below. *Cf.* Tenn. R. Civ. P. 24.04.

Following the trial, the court below filed its order and memorandum opinion, in which it held that the County had the authority to condemn respondents' property; that the County's actions were not arbitrary, capricious, or an abuse of discretion; and that there were no violations of the Open Meetings Act, T.C.A. § 8-44-101, *et seq.* The trial court then granted respondents' petition for an interlocutory appeal. We also granted the petition.

II.

On this appeal, respondents argue that the condemnation was invalid for several reasons, including that the taking was not for a public use; that the County's petition was deficient; that the condemnation was premature and thus an abuse of discretion; that the decision to condemn respondents' property was made in violation of the Open Meetings Act; that the condemnation was arbitrary and capricious; and that respondents are entitled to a jury trial on the issue of the County's right to condemn. We agree with respondents that the County's petition was legally deficient.

It has long been recognized that "because the power of eminent domain is against common right," *Vinson v. Nashville, Chattanooga & St. Louis Ry.,* 45 Tenn. App. 161, 321 S.W.2d 841, 844 (1958), statutes granting such power are to be strictly construed against the condemnor, *Claiborne County v. Jennings,* 199 Tenn. 161, 285 S.W.2d 132, 134 (1955), and the procedures prescribed by those statutes "must be followed," *City of Chattanooga v. State,* 151 Tenn. 691, 272 S.W. 432, 434 (1925). T.C.A. § 29-17-803(a) (1980) mandates that a petition for condemnation "shall contain a description of the property or property rights sought to be condemned, the civil district in which the same is located, *a description of the project to be constructed* and the amount of damages to which

_____

[3] "That no man's particular services shall be demanded, or property taken, or applied to public use, without the consent of his representatives, or without just compensation being made therefor." Tenn. Const. Art. I, § 21.

-3-

the condemnor has determined that the owner will be entitled...." (Emphasis added). As indicated previously, the County's petition states only that it is seeking condemnation of respondents' property "for county purposes, with specific authorization set out in Roane County Resolution #07-98-05 (as amended)," a resolution that is not attached to the petition or otherwise made a part of the petition. The petition is further deficient in that it does not contain "a description of the project to be constructed" as required by T.C.A. § 29-17-803(a).

The purpose of a pleading is to "give notice to the parties and the trial court of the issues to be tried." *Castelli v. Lien,* 910 S.W.2d 420, 429 (Tenn. Ct. App. 1995). "[T]he petition should not leave any uncertainty as to the theory on which the pleader wishes to proceed." 61A Am.Jur.2d *Pleading* § 81 (1999). It is evident from the record, although not from the pleadings themselves, that the County is seeking to acquire respondents' property for the purposes set forth in the Industrial Park Act, *i.e.*, to develop, maintain, and operate an industrial park. *See* T.C.A. § 13-16-203(1). The petition, however, does not afford any notice to respondents that the County seeks to acquire the subject property for such purposes, nor does it set forth that the Industrial Park Act specifically authorizes a county to exercise the power of eminent domain for such purposes. At a minimum, the drastic remedy of condemnation requires that the petition to condemn be set forth in full compliance with T.C.A. § 29-17-803(a) (1980). As a part of this, *all* of the statutory authority underpinning the petition should be set forth in the petition. A part of that authority in this case is clearly the Industrial Park Act, T.C.A. § 13-16-201, *et seq*.

We find that the County's condemnation petition was deficient for the reasons set forth above. Therefore, we vacate the trial court's judgment in this case and remand to afford the County the opportunity to amend its petition, consistent with this opinion. We also find it is necessary to remand this case for a new trial in order to afford the Attorney General an opportunity to intervene and to defend the constitutionality of the Industrial Park Act, insofar as it is implicated in this case. When the validity of a statute is questioned, the Attorney General must be notified and given an opportunity to intervene. *See* T.C.A. § 29-14-107(b) (1980); Tenn. R. Civ. P. 24.04. The other issues raised by respondents on appeal are pretermitted.

The judgment of the trial court is vacated. This case is remanded for further proceedings, consistent with this opinion. Costs on appeal are taxed to the appellee.

_____
CHARLES D. SUSANO, JR., J.